## 46957. BARKLEY v. CITY OF ROME.
### (381 SE2d 34)

SMITH, Justice.

As a taxpayer of the City of Rome, appellant brought this action seeking a permanent injunction against the City to prohibit it from entering into a multi-year lease purchase contract for equipment. Appellant contends that the contract constitutes a "debt" within the meaning of Art. IX, Sec. V, Par. I of the 1983 Georgia Constitution and therefore requires voter approval. In addition, appellant seeks a declaration that OCGA § 36-60-13 is unconstitutional insofar as it purports to authorize such a lease agreement. The trial court denied appellant's motions for injunctive and declaratory relief. We affirm.

In December 1988, the City of Rome adopted an ordinance authorizing a lease agreement for certain equipment, including a fire engine and computer hardware and software, to be used for public purposes. The City did not obtain voter approval. The one-year lease agreement terminates automatically on the last day of the City's current fiscal year. At the option of the City, the lease may be renewed for up to four additional one-year terms. If the City terminates or fails to renew the lease agreement at any time, then it must make a "Termination Payment" which cannot exceed the sum of one year's lease payments. The City must make all the payments from funds appropriated or budgeted within the budget year for that purpose. At the end of the lease term, the City may obtain title to the equipment by exercising an option to purchase the equipment and paying the applicable purchase price.

The Georgia Constitution provides that no political subdivision of the state "shall incur any new debt without the assent of a majority of the qualified voters . . . voting in an election held for that purpose as provided by law." Ga. Constitution 1983, Art. IX, Sec. V, Par. I. Whenever a political subdivision undertakes a liability which is "not to be discharged by money already in the treasury, or by taxes to be levied during the year in which the contract under which the liability arose was made," such a debt is created. *City Council of Dawson v. Dawson Waterworks Co.,* 106 Ga. 696, 713 (1899). Therefore, if a municipality undertakes an obligation that extends beyond a single fiscal year, then a new "debt" has been incurred within the meaning of the Georgia Constitution and requires voter approval.

OCGA § 36-60-13 (1) and (3) authorize municipalities to enter into multi-year lease purchase contracts for the acquisition of goods so long as the contract provides:

(1) The contract shall terminate absolutely and without further obligation on the part of . . . municipality at the close of the calender year in which it was executed and at the close of each succeeding year for which it may be renewed . . . (3) The contract shall state the total obligation of the . . . municipality for the calender year of execution [as well as] the total obligation which will be incurred in each calender year renewal term, if renewed. . . .

A contract which satisfies the requirements set forth in OCGA § 36-60-13 does not require voter approval. OCGA § 36-60-13 authorizes only those contracts that terminate all obligation on the part of the municipality at the close of each calender year. Consequently, such a contract would fall outside the purview of Art. IX, Sec. V, Par. I since it does not constitute a "debt" within the meaning set forth in the *Dawson* case. Therefore, OCGA § 36-60-13 is constitutional.

Since the lease agreement in the present case satisfies all the requisite provisions enumerated in OCGA § 36-60-13 and, therefore, does not conflict with constitutional limitation on new debt, the agreement is valid.

*Judgment affirmed. All the Justices concur, except Weltner and Hunt, JJ., not participating.*

DECIDED JULY 13, 1989.

*Larry J. Barkley,* pro se.

*Michael J. Bowers, Attorney General, Verley J. Spivey, Senior Assistant Attorney General, Brinson, Askew & Berry, Robert M. Brinson, Sutherland, Asbill & Brennan, John H. Mobley II,* for appellee.