A97A0687. WASILKOFF v. DOUGLAS COUNTY.
(488 SE2d 722)

SMITH, Judge.

The sole issue presented by this appeal is whether a multi-year computer lease purchase agreement entered into by Douglas County complied with OCGA § 36-60-13.[1] We conclude that the trial court correctly granted Douglas County's motion for summary judgment on the ground that the agreement violated the requirements of OCGA § 36-60-13 (a), and we therefore affirm.

The relevant facts are straightforward. In 1989, Douglas County entered into a contract with Government Leasing Company for the

---

[1] This litigation and the events giving rise to it occurred before the 1996 amendment of OCGA § 36-60-13. Ga. L. 1996, p. 441.

lease purchase of a computer system. Government Leasing assigned the lease to appellant Peter Wasilkoff. In 1993, the county board of commissioners declined to appropriate lease payments for that fiscal year, alleging that the computer system had malfunctioned and that the vendor had failed to support or repair it. Wasilkoff declared the county in default and brought this action for the remaining payments under the lease.

As noted in *Barkley v. City of Rome*, 259 Ga. 355 (381 SE2d 34) (1989), the Georgia Constitution's requirement of voter approval before incurring any "new debt" applies to a contractual obligation incurred by a political subdivision of the state beyond a single fiscal year. Id.; Ga. Const. 1983, Art. IX, Sec. V, Par. I (a). Multi-year lease purchase contracts, however, are authorized without voter approval under OCGA § 36-60-13, in certain strictly limited circumstances.

OCGA § 36-60-13 (a) (1) requires such contracts to contain a provision that "[t]he contract shall terminate absolutely and without further obligation on the part of the county or municipality at the close of the calendar year in which it was executed and at the close of each succeeding calendar year for which it may be renewed as provided in this Code section." Subsection (a) (2) states that "[t]he contract may provide for automatic renewal unless positive action is taken by the county or municipality to terminate such contract, and the nature of such action shall be determined by the county or municipality and specified in the contract." Such contracts *may also* contain "[a] provision which requires that the contract will terminate immediately and absolutely at such time as appropriated and otherwise unobligated funds are no longer available to satisfy the obligations of the county or municipality under the contract." OCGA § 36-60-13 (b) (1).

The agreement at issue here fails to comply with these provisions, particularly OCGA § 36-60-13 (a) (1). Article III of the agreement provides: "The original term of this agreement shall commence on the date that the equipment is accepted by lessee as indicated on the certificate of acceptance ('commencement date') and shall terminate the last day of lessee's current fiscal year. For the duration of the lease term this agreement will be automatically renewed at the end of the original term and any renewal term unless the lessee gives written notice to lessor not less than thirty (30) days prior to the end of the original term or renewal term then in effect of *lessee's intention to terminate this agreement pursuant to Article V* as the case may be." (Emphasis supplied.)

Although Articles III and V recite much of the language of OCGA § 36-60-13 (a) and (b) (1), the reference to Article V as the only available termination procedure significantly restricts the ability of the county to terminate the contract. That article provides that the

county's obligation to make lease purchase payments "shall be absolute and unconditional in all events," states that the county "intends to continue the lease term through the original term and all of the renewal terms and to pay the lease purchase payments hereunder," and allows termination only if funds are not appropriated for the next renewal term *and* only if the county has no funds legally available from other sources. It also requires the county to deliver proof of non-appropriation at least 30 days before the end of the applicable term. The effect of this article, as acknowledged by appellant in his brief, is to create for the county "an agreement from which it could be released only if it did not have sufficient funds to appropriate for the required payments."

This agreement therefore fails to comply with OCGA § 36-60-13 (a) (1), which authorizes only those contracts that "terminate absolutely and without further obligation on the part of the . . . [county] at the close of the calendar year." *Barkley*, supra at 356. The contract is void as a matter of law, and the trial court correctly denied summary judgment to Wasilkoff and granted summary judgment in favor of Douglas County.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 10, 1997.

*Hartley, Rowe & Fowler, Joseph H. Fowler*, for appellant.
*Freeman, Mathis & Gary, Theodore Freeman, Maureen M. Middleton*, for appellee.