S09G1945. OPENSIDED MRI OF ATLANTA, LLC et al.
v. CHANDLER et al.

(696 SE2d 640)

BENHAM, Justice.

This appeal arises from an action for negligence related to injuries sustained by appellee Ollie Mae Chandler when she fell at appellants' medical office.[1] On April 11, 2007, appellees filed a negligence complaint, but did not attach an expert affidavit as required by OCGA § 9-11-9.1 (a) when pursuing a claim for professional negligence. Appellants filed an answer on May 24, 2007, raising a defense of dismissal based on appellees' noncompliance with OCGA § 9-11-9.1,[2] but appellants did not file a motion to dismiss until October 29, 2007. On November 30, 2007, appellees voluntarily dismissed their complaint without prejudice. A few weeks later on December 12, 2007, appellees re-filed their complaint pursuant to OCGA § 9-2-61 and attached an expert affidavit. On January 18, 2008, appellants filed their answer to the renewed complaint and re-filed their motion to dismiss. In August 2008, the trial court dismissed the case based on appellees' failure to file their expert affidavit with the original complaint and because the limitations period had run.[3]

On appeal, the Court of Appeals reversed and found that dismissal for failure to file an expert affidavit was premature because it was unclear whether the complaint only sounded in professional negligence which required an expert affidavit or also contained claims of ordinary negligence which would not require an expert affidavit. *Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App.

---

[1] On May 18, 2005, Mrs. Chandler fell when she was climbing down from an MRI table. She alleged appellants were negligent for failing to lower the table and failing to assist her to move off the table. Mr. Chandler alleged a loss of consortium.

[2] Specifically, the second defense of the May 24, 2007 answers submitted by appellants Opensided MRI of Atlanta, LLC and Opensided Management, LLC read as follows: "To the extent it may be shown by the evidence through discovery, this Defendant avers that Plaintiffs have failed to comply with OCGA § 9-11-9.1." The second defense of the May 24, 2007 answer submitted by appellant MMR Holdings, Inc. read as follows: "Plaintiffs have failed to comply with OCGA § 9-11-9.1, and therefore Plaintiffs' Complaint should be dismissed accordingly."

[3] The statute of limitation period expired on May 18, 2007.

145 (1) (682 SE2d 165) (2009). The Court of Appeals further determined that even assuming the complaint set out a claim for professional negligence, appellants waived any objection to appellees' failure to file an expert affidavit with the original complaint because appellants did not file a motion to dismiss contemporaneously with their answer to the original complaint as required by OCGA § 9-11-9.1. Id. at 147-150. Finally, the Court of Appeals determined that the failure to file an expert affidavit rendered the original complaint voidable rather than void and, as such, the plaintiffs were not precluded from renewing their action after the statute of limitation had run pursuant to OCGA § 9-2-61. Id. at 150-158. We granted appellants' petition for certiorari, posing the following question: "Did the Court of Appeals correctly reverse the trial court's grant of Respondents' motion to dismiss Petitioners' negligence action for failure to file an expert affidavit under OCGA § 9-11-9.1?" For reasons set forth below, we affirm the judgment of the Court of Appeals.

At the time appellees filed their original negligence complaint in April 2007, OCGA § 9-11-9.1 (c) provided as follows:

> If a plaintiff fails to file an affidavit as required by this Code section *and* **the defendant raises the failure to file such an affidavit** *by motion to dismiss filed contemporaneously with its initial responsive pleading*, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake.[4]

(Emphasis supplied.) When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly. See *Chase v. State*, 285 Ga. 693 (2) (681 SE2d 116) (2009); *Six Flags Over Georgia II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003). On its face, this statute requires a motion to dismiss to be filed in addition to the first responsive pleading to foreclose the possibility of renewal under OCGA § 9-2-61. It is conceded in this case that appellants did not file a motion to dismiss when they first answered appellees' original complaint. Rather, appellants simply raised the failure to comply with OCGA § 9-11-9.1

---

[4] Since the 2007 amendments took effect on July 1, 2007, this same language is now found in OCGA § 9-11-9.1 (f).

as a defense in their answer to the complaint. Filing a responsive pleading in which defenses are raised is not the same as filing a motion. A complaint and an answer are "pleadings," whereas a motion is "an application to the court for an order. . . ." OCGA § 9-11-7. They are distinct and separate forms of work-product. Thus, in order to bar appellees from filing a renewal action, OCGA § 9-11-9.1 (c) required appellants to file a motion to dismiss at the same time they filed their answer to the original complaint. Only raising the matter as a defense in the answer was insufficient to preclude appellees from renewing their action pursuant to OCGA § 9-2-61. Therefore, the Court of Appeals did not err when it reversed the trial court's dismissal of appellees' action on that basis.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2010.

*Insley & Race, Brynda R. Insley, Aynsley M. Harrow*, for appellants.

*Barry L. Zimmerman*, for appellees.