S11G1170. GREENE COUNTY SCHOOL DISTRICT v. CIRCLE Y
CONSTRUCTION, INC.
(728 SE2d 184)

BENHAM, Justice.

In April 2008, the Greene County School District entered into a contract with Circle Y Construction whereby Circle Y was to provide construction management services for the construction projects undertaken by the School District. The contract did not have a termination date. When the School District terminated the contract in March 2009, Circle Y filed a complaint alleging, among other things, breach of contract. The School District filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted, contending in pertinent part that the contract was void because it was an illegal multi-year contract since it did not contain the provisions required by OCGA § 20-2-506 (b). The trial court denied the motion to dismiss in a one-sentence order and, after granting interlocutory review, the Court of Appeals affirmed the trial court's ruling. *Greene County School Dist. v. Circle Y Constr.*, 308 Ga. App. 837 (1) (708 SE2d 692) (2011). We then granted the School District's petition for a writ of certiorari to the Court of Appeals.

OCGA § 20-2-506 (b) authorizes a Georgia school system to enter into a multi-year contract for the acquisition of goods, materials, real and personal property, services, and supplies, but requires the contract to contain specified provisions.[1] Counties and municipalities are authorized to enter into similar multi-year contracts by OCGA § 36-60-13 (a), which requires the contract to contain specified provisions that are nearly identical to those required by OCGA § 20-2-506 (b). These statutes are the legislative means by which a school system or a local government may enter into a multi-year acquisitional contract without running afoul of the constitutional prohibition against a political subdivision of Georgia incurring "new debt" without voter approval. See 1983 Ga. Const., Art. IX, Sec. V, Par. I (a); *Bauerband v. Jackson County Bd. of Commrs.*, 278 Ga. 222 (1) (598 SE2d 444) (2004) (construing OCGA § 36-60-13). Article IX, Section V, Paragraph I (a) of the Georgia Constitution prohibits a

---

[1] It is undisputed that the contract at issue, having no termination date, was for more than one year, and that the contract did not contain the provisions set out in OCGA § 20-2-506 (b).

"county, municipality, or other political subdivision"[2] of Georgia from incurring any "new debt without the assent of a majority of the qualified voters of such county, municipality, or political subdivision voting in an election held for that purpose as provided by law." "New debt" is a liability undertaken by a political subdivision that is

> "not to be discharged by money already in the treasury, or by taxes to be levied during the year in which the contract under which the liability arose was made." . . . [Cit.] Therefore, if a [political subdivision] undertakes an obligation that extends beyond a single fiscal year, then a new "debt" has been incurred within the meaning of the Georgia Constitution and requires voter approval.

*Barkley v. City of Rome*, 259 Ga. 355 (381 SE2d 34) (1989). New debt cannot be incurred by a political subdivision without the assent of a majority of its qualified voters. *City of Decatur v. DeKalb County*, 289 Ga. 612, 614 (713 SE2d 846) (2011). A multi-year acquisitional contract incurring new debt that is entered into by a political subdivision is void as a matter of law if it does not comply with either OCGA § 20-2-506 or § 36-60-13. See *Wasilkoff v. Douglas County*, 227 Ga. App. 232, 233 (488 SE2d 722) (1997) (applying OCGA § 36-60-13 (a)).

The Court of Appeals reviewed de novo the trial court's ruling on the School District's motion to dismiss, accepting as true all well-pled material allegations in the complaint and resolving any doubts in favor of Circle Y. *Greene County School Dist. v. Circle Y Constr.*, supra, 308 Ga. App. 837. See also *Kerr v. OB/GYN Assoc. of Savannah*, 314 Ga. App. 40, 41 (723 SE2d 302) (2012) (the appellate court determines whether the complaint's allegations, when construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts). In response to the School District's contention that the complaint should have been dismissed because the multi-year contract was void as a matter of law, the Court of Appeals accepted as true the amended complaint's allegation that Circle Y's construction management services were to be performed on construction projects approved by Greene County voters in a referendum for an educational local option sales tax ("ELOST"), and ruled that the trial court was authorized to conclude that the parties' multi-year contract was not void. 308 Ga. App. at

---

[2] A local school system implicitly is an "other political subdivision of this state" by dint of paragraph (b) of the constitutional provision, which states that "[n]otwithstanding subparagraph (a) of this Paragraph, all local school systems which are authorized by law on June 30, 1983, to incur debt in excess of 10 percent . . . shall continue to be authorized to incur such debt."

838-839, 842. The appellate court then provided an alternate rationale to affirm the trial court's denial of the motion to dismiss, holding that the lack of the contractual provisions required by OCGA § 20-2-506 (b) did not void the contract. In support of its alternate ruling, the Court of Appeals engaged in statutory construction of OCGA § 20-2-506 (h), which provides that nothing in the statute restricts the school system "from executing reasonable contracts arising out of their proprietary functions[,]"[3] and held that the School District's contract with Circle Y was within the School District's proprietary functions and therefore was not void as a matter of law due to the lack of the provisions required by OCGA § 20-2-506 (b).

Our grant of the writ of certiorari focused exclusively on the Court of Appeals's alternate holding — its construction and application of OCGA § 20-2-506 (h).[4] However, OCGA § 20-2-506 comes into play only when a school system enters into a multi-year acquisitional contract that has **not** received voter approval. See *Wasilkoff v. Douglas County*, supra, 227 Ga. App. at 233 (construing OCGA § 36-60-13). In light of the determination by the Court of Appeals that the trial court correctly denied the motion to dismiss because Circle Y's complaint alleged facts that, when taken as true, established that the contract was not void as a matter of law due to voter approval of the ELOST, it was not necessary for the Court of Appeals to construe OCGA § 20-2-506 (h) in order to resolve the appeal. Accordingly, we remand the case to the Court of Appeals with direction that it vacate that portion of Division 1 that addresses OCGA § 20-2-506.

*Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur, except Nahmias, J., who concurs in judgment only.*

DECIDED MAY 29, 2012.

*Harben, Hartley & Hawkins, J. Stanley Hawkins, Reagan G. Sauls*, for appellant.
*Brenda H. Trammell*, for appellee.

---

[3] OCGA § 36-60-13 (j) contains the identical provision applicable to multi-year contracts entered into by counties or municipalities.

[4] We asked the parties to address whether the Court of Appeals erred "in holding that a contract between a school district and a private company for services regarding the renovation and repair of school facilities qualifies as a contract covering a proprietary function within the meaning of OCGA § 20-2-506 (h) so as to eliminate the need for the contract to comply with the provisions of OCGA § 20-2-506 (b)."