**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 13, 2013**

# In the Court of Appeals of Georgia

A12A2351. GEICO GENERAL INSURANCE COMPANY v. DO-109 HOSPITAL AUTHORITY OF CLARKE COUNTY et al.

DOYLE, Presiding Judge.

The Hospital Authority of Clarke County and Athens Regional Medical Center (collectively, "the Hospitals") filed suit against Geico General Insurance Company ("Geico") to enforce a hospital lien. Geico filed a motion for summary judgment, arguing that the Hospitals' claims were barred by the one-year filing deadline set forth in OCGA § 44-14-473 (a). The trial court denied the motion, and we granted Geico's application for interlocutory appeal. For reasons that follow, we reverse.

> Summary judgment is only proper when there is no genuine issue
> of material fact and the movant is entitled to judgment as a matter of
> law. A de novo standard of review applies to an appeal from a grant of
> summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

The facts in this case are undisputed. In March 2010, Justyna Kunz was involved in a car accident with Geico's insureds, Crystal A. Kalish, Joseph P. Kalish, and Elizabeth A. Kalish. Kunz, who was injured in the collision, received medical treatment at Athens Regional Medical Center, and the Hospitals filed three hospital liens totaling $66,999.22. Kunz subsequently filed suit against the Kalishes. On September 10, 2010, Kunz's attorney wrote a letter to the Kalishes' attorney accepting their $100,000 policy limit settlement offer. On September 23, 2010, the Kalishes' attorney sent a letter confirming the agreement and enclosing the settlement documents and a settlement check for $100,000. The settlement documents, which were signed on October 8, 2010, expressly required Kunz to satisfy the hospital liens out of the settlement fund and constituted a "general[] release . . . from all legal and equitable claims of every kind and nature." The liens, however, were never satisfied.

On June 7, 2011, the Hospitals' attorney sent a letter to Julie Hubbard, a claims manager for Geico, in an attempt to obtain payment of the liens. The Hospitals'

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997), citing OCGA § 9-11-56 (c).

attorney acknowledged in the letter that "on September 22, 2010, Geico and [Kunz] entered into a settlement and release agreement." When Geico did not satisfy the liens, the Hospitals filed suit on October 6, 2011. Geico moved for summary judgment, arguing that the Hospitals' action was not timely under OCGA § 44-14-473 (a). The trial court denied the motion, and we granted Geico's application for interlocutory appeal.

Geico argues that the trial court erred by denying its motion for summary judgment because the Hospitals failed to file their action to enforce their liens within one year of the September 10, 2010 settlement between Geico and Kunz as required by OCGA § 44-14-473 (a). The Hospitals, on the other hand, contend that their action to enforce the lien was timely because it was filed within one year of the October 8, 2010 execution of the release.

Resolution of this issue requires analysis of OCGA § 44-14-473 (a), which provides:

> No release of the cause or causes of action or of any judgment thereon or any covenant not to bring an action thereon shall be valid or effectual against the lien created by Code Section 44-14-470 unless the holder thereof shall join therein or execute a release of the lien; and the claimant or assignee of the lien may enforce the lien by an action against the person, firm, or corporation liable for the damages or such person,

firm, or corporation's insurer. . . . *The action shall be commenced against the person liable for the damages or such person's insurer within one year after the date the liability is finally determined by a settlement, by a release, by a covenant not to bring an action, or by the judgment of a court of competent jurisdiction.*[2]

When interpreting a statute, we are required "to consider the statute as a whole and look for the intent of the legislature."[3] "When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly."[4] "We also must endeavor to give each part of the statute meaning and avoid constructions that make some language mere surplusage or meaningless."[5] Finally, "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden."[6]

---

[2] (Emphasis supplied.)

[3] *Boyd v. JohnGalt Holdings, LLC*, ___ Ga. App. ___, ___ (2) (Case No. A12A1500, decided Nov. 28, 2012), citing OCGA § 1-3-1 (a).

[4] *Opensided MRI of Atlanta, LLC v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010).

[5] (Punctuation omitted.) *Aimwell, Inc. v. McLendon Enterprises, Inc.*, ___ Ga. App. ___, ___ (1) (734 SE2d 84) (2012).

[6] See *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003).

4

Here, OCGA § 44-14-473 (a) unambiguously states that actions to enforce hospital liens[7] must be commenced within one year after *the date the liability is finally determined* by one of four events: (1) a settlement; (2) a release; (3) a covenant not to file suit; or (4) a judgment. A settlement has been defined as "'an agreement to terminate or forestall all or part of a lawsuit.'"[8] In the absence of a formal release, such an agreement may be enforced based upon letters prepared by the attorneys, which memorialize the terms of the agreement.[9]

Here, the letters exchanged by Kunz's and the Kalishes' lawyers evince a verbal settlement agreement in September 2010. The Hospitals' liens were against Kunz's cause of action against the Kalishes,[10] and the settlement resolved liability in

---

[7] The one-year time limitation set forth in OCGA § 44-14-473 (a) explicitly applies to hospital liens created by OCGA § 44-14-470, which provides hospitals and certain other medical providers with an automatic lien for reasonable charges of an injured person. See OCGA § 44-14-470 (b). We therefore reject the Hospitals' contention that the time limitation in OCGA § 44-14-473 (a) does not apply to hospital liens perfected under OCGA § 44-14-471.

[8] *Herring v. Dunning*, 213 Ga. App. 695, 697 (446 SE2d 199) (1994).

[9] See, e.g., id.

[10] See OCGA § 44-14-470 (b) (providing that a hospital shall have a lien for reasonable charges "*upon any and all causes of action* accruing to the person to whom the care was furnished" or her personal representative) (emphasis supplied).

5

that action by virtue of Kunz's release of "all legal and equitable claims of every kind and nature" against the Kalishes.[11] This agreement, of which the Hospitals were aware in June 2011, constituted a final determination of liability by a settlement contemplated by OCGA § 44-14-473 (a).[12] To hold that the date the release was executed started the one-year clock would, under the circumstances of this case, render meaningless the term "settlement" in the statute, a result which is not permitted under law. Accordingly, the Hospitals' October 2011 action to enforce their liens was time-barred under the plain language of the Code section, and the trial court erred by denying Geico's motion for summary judgment.[13]

*Judgment reversed. Andrews, P. J., concurs. Boggs, J., concurs fully and specially.*

---

[11] See *Integon Indem. Corp. v. Henry Med. Center, Inc.*, 235 Ga. App. 97, 100 (2) (508 SE2d 476) (1998).

[12] See id.

[13] See id.

6

A12A2351.  GEICO  GENERAL  INSURANCE  COMPANY  v.
HOSPITAL AUTHORITY OF CLARKE COUNTY et al.


BOGGS, Judge, concurring fully and specially.

I concur fully in the majority opinion because it is the correct result under the circumstances of this case. However, I write specially to express my concern that the language of OCGA § 44-14-473 has the potential for creating problems in the future in analyzing the statute, particularly in light of our court's existing body of law on the

creation and legal effect of settlements and releases. Section (a) provides that an action to enforce a lien "shall be commenced against the *person liable for the damages* or such person's insurer within one year after the date the *liability is finally determined* [(1)]by a settlement, [(2)]by a release, [(3)]by a covenant not to bring an action, or [(4)] by the judgment of a court of competent jurisdiction." (Emphasis supplied.) It is clear from this language that the legislature intended to characterize each of these four events as a means of finally determining liability. And in this case, as held by the majority, any such "liability" was first and finally determined by the September 2010 settlement agreement. But our analysis in cases of settlement and release is made more difficult by the language of this Code section because, as in many circumstances under our law, neither a settlement nor a release *establishes* liability. While the Code section understandably treats the term "settlement" as describing another means by which litigation is brought to an end and potential liability foreclosed by payment of a claim, a "settlement" under Georgia law does not necessarily constitute such a clear and final termination of all claims.[1]

---

[1]OCGA § 44-14-473 (a) also provides that an action to enforce a lien "shall be commenced against the person liable for the damages or such [liable] person's insurer." In the case of settlement and/or release, however, no person is liable for damages.

2

*Herring v. Dunning*, 213 Ga. App. 695, 697 (446 SE2d 199) (1994), cited by the majority, explains that

> [i]n litigation "Compromise" is synonymous with "Settlement." Settlement is defined in part as an agreement by which parties having disputed matters between reach or ascertain what is coming from one to the other. Black's Law Dictionary (4th ed.) A settlement is an agreement to terminate or forestall all or part of a lawsuit. The word settle has an established legal meaning and implies a mutual adjustment of accounts between different parties and an agreement upon the balance.

(Citations and punctuation omitted.) Id. And a "release" is defined as the "liberation from an obligation, duty, or demand; the act of giving up a right or claim to the person against whom it could have been enforced." Black's Law Dictionary (9th ed. 2009). Neither an agreement to terminate a lawsuit nor an agreement to abandon a claim of right determines liability. As explained in *Integon Indem. Corp. v. Henry Medical Ctr.*, 235 Ga. App. 97, 100 (2) (508 SE2d 476) (1998), liability is "avoided permanently" by a settlement and release. Indeed, the lien authorized by OCGA § 44-14-470 (b) is a lien on "any and all causes of action." So once the cause of action has been permanently avoided or resolved by settlement or release or covenant not sue, or liability has been finally determined by judgment, the lienholder has one year to commence an action to enforce its lien. Indeed, the purpose of OCGA § 44-17-473

3

is to establish the time within which the lienholder may begin to pursue the enforcement of its lien.

I also write to express my concern about the application of OCGA § 44-14-473 as it affects the ability of the lienholder to commence an action. The statute does not require the injured person or the person's insurer to provide notice to the hospital lienholder in the event of a settlement, release, covenant not to sue, or judgment. But if, as seems likely, the lienholder is unaware of the occurrence of any of these events, its right to bring an action within one year is limited by the time within which it fortuitously discovers that one of these events has occurred. While in this case, it is apparent that the Hospitals were aware of the settlement, I do not believe that the legislature intended for a lienholder to be foreclosed from bringing an action because it did not discover one of the events listed in 44-14-473 (a) until after the expiration of the one-year limitation period. A statutory notice requirement to the lienholder would be a more prudent method to avoid such an inequitable result.