FINAL COPY
294 Ga. 477

S13G0900. HOSPITAL AUTHORITY OF CLARKE COUNTY et al. v.
GEICO GENERAL INSURANCE COMPANY.

MELTON, Justice.

In Geico Gen. Ins. Co. v. Hosp. Auth. of Clarke County, 319 Ga. App. 741 (738 SE2d 325) (2013), the Court of Appeals held that, under OCGA § 44-14-473 (a), the Hospital Authority of Clarke County and Athens Regional Medical Center (collectively, "the Hospitals") were barred by a one-year statute of limitation from filing suit against Geico General Insurance Company to collect on certain hospital liens. We granted certiorari to determine the propriety of this holding. For the reasons set forth below, we reverse.

As set forth by the Court of Appeals,

[t]he facts in this case are undisputed. In March 2010, Justyna Kunz was involved in a car accident with Geico's insureds, Crystal A. Kalish, Joseph P. Kalish, and Elizabeth A. Kalish. Kunz, who was injured in the collision, received medical treatment at Athens Regional Medical Center, and the Hospitals filed three hospital liens totaling $66,999.22. Kunz subsequently filed suit against the Kalishes. On September 10, 2010, Kunz's attorney wrote a letter to the Kalishes' attorney accepting their $100,000 policy limit settlement offer. On September 23, 2010, the Kalishes' attorney sent a letter confirming the agreement and enclosing the settlement

documents and a settlement check for $100,000. The settlement documents, which were signed on October 8, 2010, expressly required Kunz to satisfy the hospital liens out of the settlement fund and constituted a "general[ ] release ... from all legal and equitable claims of every kind and nature." The liens, however, were never satisfied. On June 7, 2011, the Hospitals' attorney sent a letter to Julie Hubbard, a claims manager for Geico, in an attempt to obtain payment of the liens. The Hospitals' attorney acknowledged in the letter that "on September 22, 2010, Geico and [Kunz] entered into a settlement and release agreement." When Geico did not satisfy the liens, the Hospitals filed suit on October 6, 2011. Geico moved for summary judgment, arguing that the Hospitals' action was not timely under OCGA § 44-14-473 (a). The trial court denied the motion, and [the Court of Appeals] granted Geico's application for interlocutory appeal. Geico argues that the trial court erred by denying its motion for summary judgment because the Hospitals failed to file their action to enforce their liens within one year of the September 10, 2010 settlement between Geico and Kunz as required by OCGA § 44-14-473 (a). The Hospitals, on the other hand, contend that their action to enforce the lien was timely because it was filed within one year of the October 8, 2010 execution of the release.

Geico, supra, 319 Ga. App. at 742.

OCGA § 44-14-473 (a) provides:

No release of the cause or causes of action or of any judgment thereon or any covenant not to bring an action thereon shall be valid or effectual against the lien created by Code Section 44-14-470 unless the holder thereof shall join therein or execute a release of the lien; and the claimant or assignee of the lien may enforce the lien by an action against the person, firm, or corporation liable for the damages or such person, firm, or corporation's insurer. . . . The action shall be commenced against the person liable for the

2

damages or such person's insurer within one year after the date the liability is *finally* determined by a settlement, by a release, by a covenant not to bring an action, or by the judgment of a court of competent jurisdiction.

(Emphasis supplied.)

In its decision, the Court of Appeals found that the letters exchanged by the Kunz's and the Kalishes' lawyers evinced a verbal settlement agreement in September 2010. The Court of Appeals held:

> The Hospitals' liens were against Kunz's cause of action against the Kalishes, and the settlement resolved liability in that action by virtue of Kunz's release of "all legal and equitable claims of every kind and nature" against the Kalishes. This agreement, of which the Hospitals were aware in June 2011, constituted a final determination of liability by a settlement contemplated by OCGA § 44-14-473 (a). To hold that the date the release was executed started the one-year clock would, under the circumstances of this case, render meaningless the term "settlement" in the statute, a result which is not permitted under law. Accordingly, the Hospitals' October 2011 action to enforce their liens was time-barred under the plain language of the Code section, and the trial court erred by denying Geico's motion for summary judgment.

(Footnotes omitted.) <u>Geico</u>, supra, 319 Ga. App. at 744. The Court of Appeals based its conclusion on law indicating that, "[i]n the absence of a formal release, such an agreement may be enforced based upon letters prepared by the attorneys, which memorialize the terms of the agreement." Id. at 743, citing

3

Herring v. Dunning, 213 Ga. App. 695, 697 (446 SE2d 199) (1994).

As the Court of Appeals recites, an agreement to settle may be enforced in the absence of a formal release where there is evidence that the terms of the agreement were sufficiently finalized and agreed upon. This law is necessary to prevent a party from agreeing to a settlement and later renege on that agreement prior to the signing of a formal release. That, of course, is not what happened in this case. To the contrary, the parties negotiated a settlement agreement, and, as is proper, moved forward to execute the settlement and sign a general release on October 8, 2010.

The plain wording of OCGA § 44-14-473 (a) must be applied to the facts of this particular case, and the statute itself makes clear that the limitation period begins to run one year from the date of, as is relevant to this case, liability being finally determined by a settlement *or* release. In this case, because the settlement agreement progressed into a final release, as explicitly contemplated by the parties, we find that the statute of limitation began to run on the date that the release was executed — October 8, 2010. There is no need to judicially determine whether and on what date a settlement occurred based on earlier correspondence, or how any such judicially-determined date factors into the

4

requirements of OCGA § 44-14-473. That factual scenario is simply not present here.

Judgment reversed. All the Justices concur.

NAHMIAS, Justice, concurring.

I join the Court's opinion in full, because I believe it reaches the right result in the particular circumstances of this case. I note, however, that the statutory provision at issue — the last sentence of OCGA § 44-14-473 (a) — is difficult to understand and apply. The four events that trigger the one-year period in which a medical care lienholder can sue "the person liable for the damages or such person's insurer" — a "settlement," a "release," a "covenant not to bring an action," or "a judgment of a court" that "finally determine[s]" such liability — are not clearly distinct, and indeed more than one of those events may occur in a single case (like this case). In addition, as Judge Boggs pointed out when this case was in the Court of Appeals, settlements, releases, and covenants not to sue are generally means of avoiding rather than determining legal liability, and the statute may also produce inequitable results because it does not require anyone to notify the lienholder of the deadline-triggering event. See Geico Gen. Ins. Co. v. Hosp. Auth. of Clarke County, 319 Ga. App. 741, 744-746 (738 SE2d 325) (2013) (Boggs, J., concurring fully and specially). If the General Assembly wants OCGA § 44-14-473 (a) to be clearly

understood and correctly and fairly applied, the statute needs to be amended.

I am authorized to state that Justices Hunstein and Blackwell join in this concurrence.

Decided January 27, 2014.

Certiorari to the Court of Appeals of Georgia — 319 Ga. App. 741.

Fain, Major & Brennan, Thomas E. Brennan, James F. Taylor III, Douglas T. Gibson, for appellants.

Carlock, Copeland & Stair, Jason W. Hammer, Frederick M. Valz III, Miles, Patterson, Hansford & Tallant, Jefferson M. Starr, for appellee.

2