NAHMIAS, Justice,
concurring.
I join the Court’s opinion in full, because I believe it reaches the right result in the particular circumstances of this case. I note, however, that the statutory provision at issue — the last sentence of OCGA § 44-14-473 (a) — is difficult to understand and apply. The four events that trigger the one-year period in which a medical care lienholder can sue “the person liable for the damages or such person’s insurer” — a “settlement,” a “release,” a “covenant not to bring an action,” or “a judgment of a court” that “finally determine^]” such liability — are not clearly distinct, and indeed more than one of those events may occur in a single case (like this case). In addition, as Judge Boggs pointed out when this case was in the Court of Appeals, settlements, releases, and covenants not to sue are generally means of avoiding rather than determining legal liability, and the statute may also produce inequitable results because it does not require anyone to notify the lienholder of the deadline-triggering event. See *480 Geico Gen. Ins. Co. v. Hosp. Auth. of Clarke County, 319 Ga. App. 741, 744-746 (738 SE2d 325) (2013) (Boggs, J., concurring fully and specially). If the General Assembly wants OCGA § 44-14-473 (a) to be clearly understood and correctly and fairly applied, the statute needs to be amended.
Decided January 27, 2014.
Fain, Major & Brennan, Thomas E. Brennan, James F. Taylor III, Douglas T. Gibson, for appellants.
Carlock, Copeland & Stair, Jason W. Hammer, Frederick M. Valz III, Miles, Patterson, Hansford & Tallant, Jefferson M. Starr, for appellee.
I am authorized to state that Justices Hunstein and Blackwell join in this concurrence.