**SECOND DIVISION
ANDREWS, P. J.,
BRANCH and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 26, 2016**

# In the Court of Appeals of Georgia

A15A2184. FAIRGREEN CAPITAL, LLC v. CITY OF CANTON.

ANDREWS, Presiding Judge.

Fairgreen Capital, LLC, a property developer, sued the City of Canton for breach of contract claiming the City failed to repay $564,312.44 in funds that Fairgreen advanced to the City under a written agreement governing construction of a public road on City property benefitting a Fairgreen development. The trial court granted summary judgment in favor of the City on grounds that, under the Georgia Constitution (Art. IX, Sec. V, Par. I), the funds owed by the City under the agreement constituted an illegal and void debt.[1] Fairgreen appeals. For the following reasons, we affirm in part and reverse in part.

---

[1] Fairgreen also sued the City on the basis of negligent misrepresentation.

1. Article IX, Section V, Paragraph I (a) of the Georgia Constitution prohibits "any county, municipality, or other political subdivision" of Georgia from incurring liability for any "new debt without the assent of a majority of the qualified voters of such county, municipality, or political subdivision voting in an election held for that purpose as provided by law." Under this provision, "new debt" is a liability that is "not to be discharged by money already in the treasury, or by taxes to be levied during the year in which the contract under which the liability arose was made." *Greene County School Dist. v. Circle Y Constr., Inc.*, 291 Ga. 111, 112 (728 SE2d 184) (2012). "Therefore, if a municipality undertakes an obligation that extends beyond a single fiscal year, then a new 'debt' has been incurred within the meaning of the Georgia Constitution and requires voter approval." *Barkley v. City of Rome*, 259 Ga. 355, 355 (381 SE2d 34) (1989). A contract incurring such "new debt," which is entered into by a municipality without voter approval, is void as a matter of law. *Greene County School Dist.*, 291 Ga. at 112.

The agreement at issue between Fairgreen and the City – called a "Cost Participation and Reimbursement Agreement" – provided that Fairgreen was the owner of a development which stood to benefit from a road, Reservoir Drive, to be constructed by the City on City property as a "system improvement" included in the

2

"Capital Improvement Plan of the City . . . Road Impact Fee Program." The agreement recognizes that the City has a "Road Impact Fee Program which allows it to collect impact fees from builders for placement in a Road Impact Fee Fund and which allows [the City] to reimburse developers and owners with funds from said Fund when those developers and owners advance funds to [the City] for the purpose of paying [the City's] share or the developers' or owners' share of the cost of building a system improvement included in the City['s] . . . Capital Improvement Plan for Roads." The agreement provided that the City was responsible for paying the cost of constructing the portion of Reservoir Drive located on City property; that Fairgreen agreed to advance funds to the City necessary to pay the cost of constructing Reservoir Drive on City property, an amount estimated to be $2,088,403.00; and that the City agreed to reimburse Fairgreen for the funds advanced for the construction of Reservoir Drive on City property. The agreement states that the City "has allocated $2,500,000.00 of its Road Impact Fee Fund for construction of Reservoir Drive;" that the City "agrees that it shall be . . . responsible for paying the cost of construction of Reservoir Drive on [City] [p]roperty up to $2,500,000.00;" and that "[the City] agrees to reimburse Fairgreen from the Road Impact Fee Fund for the actual amount of funds advanced by Fairgreen up to a maximum of $2,500,000.00 for construction of

3

Reservoir Drive on the [City] [p]roperty." As to the method of advancing funds, the agreement provides that, every 30 days, the City shall submit to Fairgreen invoices that the City has received from the road contractor for completed road work, and that, within 15 days of receipt of those invoices, Fairgreen shall advance to the City funds to pay the invoices. As to the method of reimbursement, the agreement provides that the City will make monthly reimbursements to Fairgreen "up to a maximum of fifty percent of the funds then available in the Road Impact Fee Fund." The agreement recognizes that "there will be months when fifty percent of the funds in the Road Impact Fee Fund will be insufficient to reimburse Fairgreen for the total payments for invoices previously advanced by Fairgreen." In that case, the agreement provides that "[the City] may make up any shortfalls in future monthly reimbursement payments made to Fairgreen." The agreement provides that [the City] "agrees to fully reimburse Fairgreen for all advance payments made by Fairgreen to [the City] for construction of Reservoir Drive on the [City] [p]roperty not later than five (5) years from the Construction Start Date." Finally, the agreement provides that, when the City has fully reimbursed Fairgreen for funds advanced to the City to construct Reservoir Drive on the City property, the City shall determine how much, if any, of the

4

$2,500,000.00 Road Impact Fee Fund for Reservoir Drive remains unspent, and pay Fairgreen an amount of money equal to 33 percent of the unspent funds.

The construction start date for Reservoir Drive was October 1, 2006. Fairgreen's September 2014 complaint shows that, pursuant to the agreement, it advanced the City $1,146,529.53 to construct Reservoir Drive, and that Fairgreen remained entitled to reimbursement for advancements made pursuant to the agreement in the amount of $546,312.44. It is undisputed that from September 18, 2007 to March 4, 2011, the City made four payments to Fairgreen which totaled $498,592.19.

In response to Fairgreen's amended complaint, the City moved for summary judgment on the breach of contract claim on the basis: (1) that funds advanced by Fairgreen to the City, which the City had not reimbursed, constituted "new debt" within the meaning of Article IX, Section V, Paragraph I (a) of the Georgia Constitution and required voter approval; (2) that no such voter approval was obtained;[2] and (3) that the contract creating the "new debt" without voter approval was void as a matter of law. Fairgreen contended in response to the City's motion for

_____

[2] Fairgreen does not dispute facts produced by the City in an affidavit in support of the motion for summary judgment showing that no voter approval was obtained for the debt liability incurred by the City pursuant to the agreement.

5

summary judgment that the debt incurred by the City under the agreement was not illegal or void "new debt" within the above-stated constitutional provision because the agreement was a private impact fee agreement enforceable under the Georgia Development Impact Fee Act (DIFA) (OCGA §§ 36-71-1 to 36-71-13).

We find that, regardless of whether the agreement at issue was authorized by DIFA, the agreement clearly arranged a loan from Fairgreen to the City for funds necessary to construct Reservoir Road on the City property and created a debt which the City was obligated to repay regardless of whether the City had sufficient impact fees to reimburse Fairgreen.[3] The City's unpaid debt obligation, which Fairgreen

---

[3] Under OCGA § 36-71-3 (a), "[m]unicipalities and counties which have adopted a comprehensive plan containing a capital improvements element are authorized to impose by ordinance development impact fees as a condition of development approval on all development pursuant to and in accordance with the provisions of this chapter." In assessing these impact fees, "a municipality must give a developer who constructs 'system improvements' that are required or accepted by the municipality impact fee credits for the present value of such improvements." *Fulton Greens, Limited Partnership v. City of Alpharetta*, 272 Ga. App. 459, 461 (612 SE2d 491) (2005); OCGA § 36-71-7 (a). Moreover, OCGA § 36-71-7 (b) provides that, "[i]n the event that a developer enters into an agreement with a . . . municipality to construct, fund, or contribute system improvements such that the amount of the credit created by such construction, funding, or contribution is in excess of the development impact fees which would otherwise have been paid for the development project, the developer shall be reimbursed for such excess construction, funding, or contribution from development impact fees paid by other development located in the service area which is benefitted by such improvements." Finally, as to the creation of private agreements under DIFA, OCGA § 36-71-13 (b), provides that

6

seeks to collect in the present suit, constituted a "new debt" obligation incurred by the City which extended beyond a single fiscal year and required voter approval under Article IX, Section V, Paragraph I (a) of the Georgia Constitution. In the absence of voter approval, the contract creating the debt was void as a matter of law. *Greene County School Dist.*, 291 Ga. at 112; see *H. G. Brown Family Limited Partnership v. City of Villa Rica*, 278 Ga. 819, 820-822 (607 SE2d 883) (2005) (contract entered into by municipality in excess of authority to enter contracts is void; void contract not validated by part performance or detrimental reliance). The trial court correctly granted the City's motion for summary judgment on the breach of contract claim.

2. We reverse the trial court to the extent it granted summary judgment in favor of the City on Fairgreen's negligent misrepresentation claim. In its motion for summary judgment in response to the amended complaint, the City did not move for

---

"[n]othing in this chapter shall be construed to prevent or prohibit private agreements between property owners or developers and municipalities . . . in regard to the construction or installation of system improvements and providing for credits or reimbursements for system improvement costs incurred by a developer including interproject transfers of credits or providing for reimbursement for project improvement costs which are used or shared by more than one development project." Even assuming, without deciding, that the agreement at issue was enforceable under DIFA, nothing in DIFA conflicts with the provision of the Georgia Constitution, Article IX, Section V, Paragraph I (a), requiring that any "new debt" which the City undertook as a liability pursuant to the agreement receive voter approval.

judgment on the negligent misrepresentation claim. The trial court erred by granting summary judgment on an issue not raised in the motion and without giving Fairgreen proper notice that the issue would be considered. *Knight v. American Suzuki Motor Corp.*, 272 Ga. App. 319, 324-325 (612 SE2d 546) (2005).

*Judgment affirmed in part and reversed in part. Branch and Peterson, JJ., concur.*