**THIRD DIVISION**
**MILLER, P. J.,**
**MCMILLIAN and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten days
of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 20, 2016**

# In the Court of Appeals of Georgia

A16A0863. MISSION HEALTH OF GEORGIA, LLC et al. v.
    BAGNUOLO

RICKMAN, Judge.

On October 21, 2014, after the death of Stephen McLoughlin, his estate, the appellee, filed a complaint against the appellants and his treating physician, Andrew Frinks, M. D.[1] alleging claims of ordinary and professional negligence and seeking damages. The appellants filed an answer raising as a defense appellees' failure to file an expert affidavit in accordance with OCGA § 9-11-9.1.[2] The appellants did not file,

---

[1] Frinks is not a party to this appeal.

[2] OCGA § 9-11-9.1 (a) requires that "[i]n any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."

however, a motion to dismiss. Frinks filed his answer also alleging a defense based upon the appellees failure to file an expert affidavit as required by OCGA § 9-11-9.1 and, contemporaneously, filed a motion to dismiss. On January 2, 2015, the appellee voluntarily dismissed her complaint without prejudice.

On June 26, 2015, the appellee re-filed her complaint pursuant to OCGA § 9-2-61[3] and attached an expert affidavit. Frinks filed his answer to the renewed complaint and re-filed his motion to dismiss based upon the appellees failure to attach an expert affidavit to the original complaint. The appellants also filed, for the first time, a motion to dismiss the appellees renewed complaint for failure to attach an expert affidavit to the original complaint.

---

[3] OCGA § 9-2-61 (a) provides that,
[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

The trial court granted, Frinks's motion to dismiss, as to the professional negligence claim, because the original complaint failed to comply with OCGA § 9-11-9.1. However, the trial court denied the appellants' motion to dismiss, concluding that they waived any objection to the appellees' failure to file an expert affidavit with the original complaint because they failed to file a motion to dismiss the original complaint. It is from this order that the appellants now appeal. The appellants contend that the trial court erred by denying their motion to dismiss. For the following reasons, we affirm.

The appellants argue that the trial court erred by denying their motion to dismiss because Frinks filed a motion to dismiss the original complaint and, thus, they were not required to file a motion to dismiss in addition to their answer to the original complaint. We disagree.

" "On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss." (Punctuation and footnote omitted.) *Kerr v. OB/GYN Assoc. of Savannah*, 314 Ga. App. 40, 41 (723 SE2d 302) (2012).

Pursuant to OCGA § 9-11-9.1 (f),

If a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, such

complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake.

"On its face, this statute requires a motion to dismiss to be filed in addition to the first responsive pleading to foreclose the possibility of renewal under OCGA § 9–2–61."[4] *Opensided MRI of Atlanta, LLC v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010).[5] The appellants did not file a motion to dismiss contemporaneously with their answer to the original complaint. They argue that because Frinks filed a motion to dismiss along with his answer to the original complaint, they were not required to.

---

[4] We reject the appellants interpretation of OCGA § 9-11-9.1 (f) as requiring the entire complaint, including the claims for ordinary negligence not requiring an expert affidavit, to be dismissed if any defendant in an action files a motion to dismiss as required by the statute because it is inconsistent with this Court's precedent. See *Upson County Hosp., Inc. v. Head*, 246 Ga. App. 386, 392-393 (2) (540 SE2d 626) (2000) (claims for professional negligence dismissed for failure to file an expert affidavit pursuant to OCGA § 9-11-9.1 (f) but claims for ordinary negligence survived); see also *Williams v. Alvista Healthcare Center, Inc.*, 283 Ga. App. 613, 614-616 (1) (a) (b) (642 SE2d 232) (2007) (trial court properly dismissed professional negligence claims for failure to file an expert affidavit pursuant to OCGA § 9-11-9.1 (f) but improperly dismissed claims for ordinary negligence).

[5] This case dealt with a previous version of OCGA § 9-11-9.1. However, the analysis under the current version of the statute remains the same. See *Opensided MRI of Atlanta, LLC.*, 287 Ga. at 407 n.4.

However, not only did the appellants fail to file a motion to dismiss the original complaint as required by OCGA § 9-11-91 (f), they also did not join in Frinks's motion to dismiss the original complaint. The trial court correctly noted in its order denying the appellants' motion to dismiss that, "[n]o reason appears why [appellants] should be able to rely on the motion [Frinks] filed in the original case[.]"

"[I]n order to bar appellees from filing a renewal action, OCGA § 9–11–9.1 (c) required appellants to file a motion to dismiss at the same time they filed their answer to the original complaint. Only raising the matter as a defense in the answer was insufficient to preclude appellees from renewing their action pursuant to OCGA § 9–2–61." *Opensided MRI of Atlanta*, 287 Ga. at 408.[6] Thus, the trial court did not err in denying appellants' motion to dismiss. See id.; see also *Dove v. Ty Cobb Healthcare Systems, Inc.*, 316 Ga. App. 7, 10-11 (2) (729 SE2d 58) (2012).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*

---

[6] Appellants also contend that the trial court erred in denying their motion to dismiss by failing to dismiss the ordinary negligence claims alleged in the complaint and by failing to dismiss Mission Health of Georgia, LLC because it was not named in the original complaint. However, these claims were not alleged in their motion to dismiss the renewed complaint. "We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level. Therefore, this argument is waived." (Punctuation and footnote omitted.) *AKA Mgmt, Inc. v. Branch Banking and Trust Co.*, 275 Ga. App. 615, 619 (2) (a) (621 SE2d 576) (2005).